# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 16-40785-399 |
| JASON CHANDLER COLEMAN, | Chapter 7 |
| Debtor. | |
| JASON CHANDLER COLEMAN, | |
| Plaintiff, | |
| v. | Adversary No. 18-04082-399 |
| KRISTIN J. CONWELL, CHAPTER 7 TRUSTEE OF ESTATE OF JASON CHANDLER COLEMAN, | |
| Defendant. | |

## ORDER DISMISSING COMPLAINT

This matter comes before me on the motion of Kristin J. Conwell, Chapter 7 trustee (Trustee) of the estate of Jason Chandler Coleman to dismiss the complaint filed by Coleman. I shall grant the Trustee's motion and dismiss the complaint.

## FACTS

Jason Chandler Coleman (Debtor) was generous when he paid his daughter's tuition and fees for her senior year at Loyola University (Loyola). Prior to filing his bankruptcy petition, he moved funds from his rollover individual retirement account at Charles Schwab & Co, Inc. (Schwab) to his checking account at a bank. The Debtor then used the funds from his bank account to pay Loyola on behalf of his daughter. Less than a year later, the Debtor filed his Chapter 7 bankruptcy petition. When the Trustee learned of the Debtor's payment to Loyola, the Trustee made demand pursuant to Bankruptcy Code §§ 548 and 550 for the return of the Debtor's pre-petition tuition payment. In response to the Trustee's demand, Loyola turned over to the Trustee funds paid to it, $18,985.00, by the Debtor.

The Debtor and his daughter each filed a proof of claim in the Debtor's bankruptcy

-1-

case based on the Trustee's recovery of the funds from Loyola.  Upon the Trustee's objections, the claims were disallowed.  The Debtor then filed this adversary proceeding.  The complaint includes three counts and seeks declaratory relief that the payments from the Debtor to Loyola and the transfer of the funds from the Schwab account to the bank account were not fraudulent transfers and that the transferred funds were exempt.  The Debtor seeks return of those funds to either Loyola or himself.

The Trustee filed her motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (made applicable by Federal Rule of Bankruptcy Procedure 7012), based on a number of theories.  I dismiss the complaint based on the lack of the Debtor's standing to bring the actions alleged.

## DISCUSSION

A motion made under Rule 12(b)(1) concerns dismissal of a complaint for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Rule 12(h)(3) states that " If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

A motion made under Rule 12(b)(6) concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).  The plausibility standard applies in "all civil actions."  *Iqbal*, 556 U.S. at 684 (citation omitted).

"The . . . person aggrieved doctrine . . . limits standing 'to persons with a financial stake in the bankruptcy court's order,' meaning they were 'directly and adversely affected pecuniarily by the order.' " *Peoples v. Radloff (In re Peoples)*, 764 F.3d 817, 820 (8th Cir. 2014) (quoting *Sears v. Badami (In re AFY)*, 734 F.3d 810, 819 (8th Cir. 2013) (citation omitted)).  A party is aggrieved "if the bankruptcy court order diminishes the person's

-2-

property, increases the person's burdens, or impairs the person's rights." *Opportunity Finance, LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016). The person aggrieved test is one that is an " 'essentially prudential' limitation on standing . . . given that bankruptcy litigation almost always involves the interests of numerous persons who are not formally parties to the litigation." *Wigley v. Wigley (In re Wigley)*, 886 F.3d 681, 684 (8th Cir. 2018) (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995)). "The doctrine is designed 'to prevent bankruptcies from being needlessly prolonged by parties whose interests are not central to the process.' " *Opportunity Finance*, 822 F.3d at 459-460 (quoting *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.),* 764 F.3d 132, 1327 (11th Cir. 2014)).

"Debtors, particularly chapter 7 debtors, rarely have a pecuniary interest because how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor." *Nangle v. Surratt-States (In re Nangle),* 288 B.R. 213, 216 (B.A.P 8th Cir. 2003), *aff'd* 83 Fed. Appx. 141 (8th Cir. Dec. 12, 2003). In the situation where "the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." *Id.*

The same standard governs motions to dismiss under Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

The Debtor suffered no injury from the Trustee's actions to recover from Loyola and he is certainly not a person aggrieved. Denial of the relief the Debtor seeks would not diminish his property, increase his burdens, or impair his rights. There is no pecuniary effect on him. Importantly, the Debtor has not demonstrated a credible basis upon which I could find a reasonable possibility for a surplus in this case. In fact, the Trustee's Final Report, dated August 16, 2018, shows that there will be a deminimis distribution for creditors. There will be no surplus funds for the Debtor. The Debtor is not a creditor since his proof of claim was disallowed. This matter involves the Debtor's dissatisfaction with the Trustee's exercise of her duty to demand return for the benefit of the estate of a payment that she believed to be a fraudulent transfer, and Loyola's decision to submit funds to the Trustee without the need for litigation. There is no question that the Trustee, not the Debtor, was the proper party to bring an action seeking return of a fraudulent transfer and that the Trustee was not required to file a lawsuit to recover the payment from Loyola. In effect, the Debtor attempts to litigate a fraudulent transfer action that Loyola chose to avoid

litigating with the Trustee.

The Debtor believes that he is entitled to proceed with this action because the source of funds he used to pay his daughter's tuition at Loyola was exempt property before he filed his Chapter 7 petition. This argument fails. Debtors are free to hypothecate, diminish, reduce, or eliminate their exempt property before filing for bankruptcy. The Debtor did exactly that. And the Trustee complied with her statutory duties under Bankruptcy Code § 704 when she sought recovery of the payment from Loyola. *See Sullivan v. Welsh (In re Lumbar)*, 457 B.R. 748, 754 (B.A.P 8th Cir. 2011) ("[T]he [Bankruptcy] Code anticipates that the Trustee may recover fraudulent transfers of property which the debtor could have claimed as exempt had the debtor still owned such property at the time the bankruptcy case was filed."). Assuming that the Trustee recovered the payment to Loyola under Bankruptcy Code § 550 (which she did not do since Loyola voluntarily returned the funds to the Trustee) and that the funds were exempt when the Debtor paid them to Loyola (a finding I do not make), Bankruptcy Code § 522(g) prohibits any claim of an exemption in the Debtor's bankruptcy because the Debtor voluntarily paid the funds to Loyola. *See* 11 U.S.C. § 522(g) (emphasis added) ("[T]he debtor may exempt . . . property that the trustee recovers under . . . section . . ., 550, . . . of this title, to the extent that the debtor could have exempted such property . . . if such property had not been transferred, if . . . such transfer was **not a voluntary transfer** of such property by the debtor. . . ."); *Lumbar*, 457 B.R. at 754-755 (debtor would not be able to claim as exempt property that she voluntarily transferred).

For these reasons, it is hereby

**ORDERED** that this adversary proceeding is dismissed.

Dated: November 14, 2018

St. Louis, Missouri
cke

_____
Barry S. Schermer
United States Bankruptcy Judge

Copies To:

Brian James LaFlamme
Summers Compton Wells LLC
8909 Ladue Road
St. Louis, MO 63124

David A. Sosne
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

Trustee
Kristin J Conwell
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156

David M. Korum
222 South Central Ave. Suite. 804
St. Louis, MO 63105

Jason Chandler Coleman
14478 Ladue Rd
Chesterfield, MO 63017

TJ Mullin
TJ Mullin PC
201 S. Central Ave. #103
Clayton, MO 63105

U.S. Trustee
Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102